UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Estate Litigation Trust and as Trustee for the DBSI Private Actions Trust,<br><br>             Plaintiff,<br><br>v.<br><br>DOUGLAS L. SWENSON; CHARLES HASSARD; JOHN M. MAYERON; WALTER E. MOTT; FARRELL BENNETT; JOHN D. FOSTER; THOMAS VAR REEVE; GARY BRINGHURST; JEREMY SWENSON; DAVID SWENSON; MICK & ASSOCIATES PC LLO, BRYAN S. MICK; JOHN DOE 1-50; and XYZ CORPORATION 1-50,<br><br>             Defendants. | Case No. 1:12-CV-224-S-MJP<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

This matter comes before the Court on the Report and Recommendation (R&R) of Magistrate Judge Mikel H. Williams (Dkt. No. 256) on Defendants' motions to dismiss (Dkt. Nos. 188-89). Only Plaintiff, James Zazzali, Trustee for the DBSI Estate litigation Trust and Trustee for the DBSI Private Actions Trust, filed any objections to the R&R. Having reviewed the R&R, the objections, and all related papers, the Court incorporates and adopts the R&R but modifies it as described in his Order.

//

//

**Order- 1**

**Discussion**

The Trustee contends Judge Williams erred in recommending dismissal on two of the claims, Count 29 regarding equitable tolling based on fraudulent concealment and Count 21 regarding negligent misrepresentation.

As to Count 29, Judge Williams misread the claim as a stand-alone one for monetary damages.  Although the R&R correctly notes that Idaho law does not recognize a separate claim for equitable tolling, the complaint here does not assert one.  (see Dkt. No. 256 at 22-23.)  Instead, the Trustee's claim only seeks equitable tolling on the statute of limitations.  (Dkt. No. 261 at 2.)  As such, it is permissible.  See e.g. O'Banion v. Select Portfolio Services, Inc., No. 1:09–CV–249–EJL, 2010 WL 3834055 at *9-10 (D.Idaho Aug. 13, 2010).

Likewise, the Court agrees with the Trustee's objections on Count 21 and finds a cause of action for negligent misrepresentation may exist outside Idaho.  (Dkt. No. 261 at 4-5.)  However, contrary to the Trustees' argument, the complaint's deficiencies cannot be addressed later as a choice of law issue.  (Id.)  As pled, Defendants are unable to ascertain what, if any facts, underpin the claim.  The Court therefore DISMISSES Count 21 with leave to amend to incorporate specific allegations of negligent misrepresentation outside the state of Idaho and in such states that recognize that cause of action.

**Conclusion**

The Court ADOPTS and incorporates the R&R (DKt. No. 256), with the following modifications: Count 29 survives the motion to dismiss (Dkt. No. 188); the Court

Order- 2

GRANTS the motion to dismiss (Dkt. No. 189) as to Count 21 but with leave to amend.

The Clerk is ordered to provide copies of this order to all counsel.

Dated November 20, 2013.

Chief United States District Judge for the
Western District of Washington
Sitting by Special Designation

**Order- 3**